# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT LEAL, | )<br>) |
| Petitioner, | ) Civil Action No. 18-219J<br>) Judge Kim R. Gibson/ |
| v. | ) Magistrate Judge Maureen P. Kelly<br>) |
| FCI LORETTO WARDEN, | )<br>) |
| Respondent. | ) Re: ECF Nos. 1 and 3<br>) |

## ORDER OF COURT

Robert Leal, filed a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion"), ECF No. 1, to pursue a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. The IFP Motion was received by the Clerk of Court for the Western District of Pennsylvania on October 31, 018. The case was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

Magistrate Judge Kelly, in a Report and Recommendation (the "Report"), ECF No. 2, filed on November 6, 2018, recommended that IFP Motion be denied because Petitioner had more than ample funds to pay the $5.00 filing fee.

Service of the Report was made on the Petitioner at his address of record. Petitioner was given until November 23, 2018 to file Objections. Petitioner did not file anything captioned "Objections." However, on November 16, 2018, Petitioner filed a Motion to Appoint Trained Counsel, ECF No. 3, in which he explained that he only sought IFP status so that the Court could

appoint counsel. Moreover, he alleged that he had caused to be sent to this Court, the $5.00 filing fee on or about October 16, 2018. ECF No. 3 at 3. We note that the Clerk's Office has never received a payment for the filing fee in this case.

To the extent that Petitioner seeks IFP status and his Motion to Appoint Trained Counsel is treated as Objections, the Objections are overruled. The Report is clearly correct that Petitioner should be denied IFP status because he clearly has the ability to pay the filing fee.

Accordingly, after de novo review of the filings in this case, the IFP Motion is hereby DENIED. The Report is adopted as the Opinion of the Court. Petitioner is ORDERED to pay the entire filing fee of $5.00 by December 21, 2018 or the case will be dismissed for failure to prosecute.

To the extent that Petitioner seeks the appointment of counsel, the Motion for Appointment of Trained Counsel is denied for the following reasons albeit without prejudice.

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the District Court determines that an evidentiary hearing is required. See 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2). See also Barber v. Martinez, 1:CV-08-0743, 2008 WL 2705218, at *1 (M.D. Pa. July 7, 2008) (denying Motion for Appointment of counsel in a Section 2241 habeas case filed by a federal prisoner seeking to challenge a disciplinary hearing).

At this preliminary stage of the proceedings, before an Answer has even been filed, it is not clear that a hearing will be necessary at all. Hence, the Court is not required to appoint

counsel at this stage. Nor is the Court convinced that the interests of justice otherwise require. Accordingly, the Motion for Appointment of Trained Counsel is DENIED, albeit without prejudice to Petitioner filing a new Motion for Appointment of Counsel but only after an Answer has been filed and the issues are more clearly defined.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

Date: November 27, 2018

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

ROBERT LEAL
58751-060
LORETTO
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
LORETTO, PA 15940

3